MEMORANDUM **
In these consolidated petitions, Tarsicio Perez Trejo and Maria Luisa Medina, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing their appeal from an immigration judge’s decision denying their applications for cancellation of removal (No. 05-73964), and denying their motion to reopen based on ineffective assistance of counsel (No. 06-73285). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA’s denial of a motion to reopen and review de novo ineffective assistance of counsel claims. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review in No. 05-73964, and we'grant the petition for review in No. 06-73285 and remand for further proceedings.
In their opening brief, petitioners fail to discuss, and thereby waive any challenge to, the BIA’s order dismissing their appeal. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in a party’s opening brief are waived).
The BIA abused its discretion when it determined that petitioners were not entitled to equitable tolling of the motions deadline. See Iturribarria, 321 F.3d at 897 (equitable tolling is available to a petitioner who was the victim of attorney deception, fraud or error, and exercised due diligence in discovering such circumstances). The record shows that within one day of learning that their former counsel failed to raise a right to counsel claim on appeal to the BIA, petitioners hired new counsel who diligently filed a motion to reopen. Under these circumstances, we conclude that petitioners are entitled to equitable tolling. Id. at 899.
The BIA determined that petitioners failed to demonstrate prejudice from prior counsel’s failure to raise petitioners’ right to counsel contention in their underlying appeal. See Maravilla Maravilla v. Ashcroft, 381 F.3d 855, 858 (9th Cir.2004) (per curiam). At the time of its decision, the BIA did not have the benefit of Hernandez-Gil v. Gonzales, 476 F.3d 803, 806 (9th Cir.2007). We therefore remand for the BIA to consider petitioners’ ineffective as *535 sistance of counsel claim in light of our intervening case law.
No. 05-73964: PETITION FOR REVIEW DENIED.
No. 06-73285: PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.