**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDGAR HERNANDEZ-GIL,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 04-72303

Agency No.
A79-536-600

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 20, 2006—Pasadena, California

Filed February 16, 2007

Before: Harry Pregerson, Ronald M. Gould, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Gould

**COUNSEL**

Carlos A. Singer, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, California, for petitioner Edgar Hernandez-Gil.

Peter D. Keisler, Assistant Attorney General, Civil Division; Anthony W. Norwood, Senior Litigation Counsel; and Virginia Lum, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent Alberto Gonzales, United States Attorney General.

**OPINION**

GOULD, Circuit Judge:

Edgar Hernandez-Gil, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA's") decision summarily affirming the Immigration Judge's ("IJ's") denial of his application for cancellation of removal. Hernandez-Gil contends that the IJ erred in denying his motion for a continuance and violated his statutory right to counsel by proceeding with the merits hearing without his attorney being present. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and grant his petition for review.[1]

---

[1]Where, as here, the BIA affirmed the IJ's decision without opinion, "we review the IJ's decision, which constitutes the final agency determination." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006) (cit-

# I

Hernandez-Gil entered the United States on or about April 15, 1991. He is not married, but lives with the mother of his two United States citizen sons. On July 31, 2001, the former Immigration and Naturalization Service ("INS") charged Hernandez-Gil with removability under 8 U.S.C. § 1182(a)(6)(A)(I), as an alien who had not been admitted or paroled into the United States. On October 17, 2001, he appeared with his retained counsel, Gloria Weil-Herrera, before the IJ and admitted to the INS's allegations. Weil-Herrera advised the IJ that Hernandez-Gil would apply for cancellation of removal, and the IJ set a merits hearing for that application on February 20, 2003.

Hernandez-Gil attended the February 20, 2003 merits hearing, but Weil-Herrera did not appear. Mr. McGuire, an attorney who worked with Weil-Herrera, dropped by the IJ's courtroom and indicated to the IJ that Weil-Herrera "was supposedly in another courtroom." The IJ asked Hernandez-Gil if he had met with Weil-Herrera in the last year and a half, in preparation for the merits hearing. Hernandez-Gil said that he had not. The IJ asked why, and Hernandez-Gil said that Weil-Herrera "didn't give [him] an appointment," and he had not contacted Weil-Herrera for an appointment. The IJ then told Hernandez-Gil that the cancellation of removal proceedings would continue.

The IJ explained to Hernandez-Gil the requirements for cancellation of removal for non-permanent residents. When

---

ing *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir. 2005)); *see also* 8 C.F.R. § 1003.1(e)(4)(ii). We review questions of law, including whether the IJ violated Hernandez-Gil's statutory right to counsel, de novo. *See Colindres-Aguilar v. INS*, 819 F.2d 259, 261 (9th Cir. 1987); *see also De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004); *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004); *Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir. 2003).

asked if he was prepared to "go forward at this time," Hernandez-Gil responded, "No." The IJ then asked Hernandez-Gil if he "would like a continuance to get with an attorney," to which Hernandez-Gil said, "Yes." The IJ, however, denied the application for a continuance, explaining that because Hernandez-Gil's "case ha[d] been on calendar since October of the year 2001" she was "not in a position . . . to grant [Hernandez-Gil] a continuance."[2]

After explaining the procedure for the hearing, instructing Hernandez-Gil to "feel free to ask" any questions, and taking Hernandez-Gil's testimony, the IJ determined that Hernandez-Gil had established ten years of continuous physical presence and had good moral character. The IJ, however, denied cancellation of removal and granted voluntary departure, concluding that Hernandez-Gil had not established that either of his two United States citizen sons would experience extreme or unusual hardship upon his removal to Mexico.

Hernandez-Gil appealed the IJ's decision to the BIA, arguing that the IJ wrongly determined that he did not establish the requisite hardship and that the IJ abused her discretion by refusing to continue the case. Hernandez-Gil also argued that the non-appearance of his counsel resulted in him being inadequately represented, and required reversal of the IJ's decision. The BIA summarily affirmed the IJ's decision. This petition for review followed.

---

[2]The IJ further stated that Hernandez-Gil:

> had a very lengthy period of time to prepare and to be ready to go forward today. Whoever was going to represent you would need to have been ready to go forward today. You've indicated you did not meet with Ms. [Weil-]Herrera, nor did you meet with Mr. McGuire, so I don't think that they would be of any or much help to you today . . . .

## II

Hernandez-Gil argues that his statutory right to counsel, which he never waived, was violated when the IJ proceeded to hold his merits hearing despite the absence of Hernandez-Gil's retained counsel and his request for a continuance in order that he be able to appear with counsel. In light of the circumstances of this case, it is clear that Hernandez-Gil did not waive his statutory right to counsel.

**[1]** In order "for an applicant to appear *pro se*, there must be a knowing and voluntary waiver of the right to counsel." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (italics in original) (citing *Velasquez Espinosa v. INS*, 404 F.2d 544, 546 (9th Cir. 1968)). For a waiver of the right to counsel to be valid, an IJ must "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Id.* (citations omitted). Failure to obtain such a waiver is a denial of the right to counsel. *Id.*

**[2]** Here, Hernandez-Gil did not knowingly and voluntarily waive his right to counsel. Indeed, Hernandez-Gil told the IJ explicitly that he was not prepared to go forward, did not want to proceed without his lawyer, and requested a continuance so he could have his lawyer, Weil-Herrera, present at the hearing. In the face of the request made by Hernandez-Gil, the IJ was not correct to say that Hernandez-Gil was "basically representing [him]self." On these facts, it is clear that Hernandez-Gil did not waive his statutory right to counsel.

## III

**[3]** Because deportation "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom[,] . . . [m]eticulous care must be exercised lest the procedures by which [an alien] is deprived of that liberty not meet the essential standards of fairness." *Brid-*

*ges v. Wixon*, 326 U.S. 135, 154 (1945). "One way we ensure that the 'standards of fairness' are met is by guaranteeing that aliens have the opportunity to be represented by counsel. The high stakes of a removal proceeding and the maze of immigration rules and regulations make evident the necessity of the right to counsel." *Biwot*, 403 F.3d at 1098. Though there is no Sixth Amendment right to counsel in immigration proceedings, Congress has chosen to ensure that all aliens receive a full and fair hearing by providing a statutory right to counsel. *See* 8 U.S.C. §§ 1229a(b)(4)(A)[3] and 1362;[4] *see also Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002) (stating that an alien is entitled to a full and fair hearing of his or her claims and a reasonable opportunity to present evidence). We have previously held that the statutory right to counsel at immigration proceedings "stems from a constitutional guarantee of due process." *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (citing *Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir. 1985)); *see generally Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999) ("The Fifth Amendment guarantees due process in deportation proceedings.").

[4] The importance of the right to counsel, whether it is guaranteed by the Constitution or by Congressional action, cannot be overstated. As Justice Sutherland explained in *Powell v. Alabama*:

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated

---

[3] "[T]he alien shall have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings . . . ." 8 U.S.C. § 1229a(b)(4)(A).

[4] "In any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose." 8 U.S.C. § 1362.

> layman has small and sometimes no skill in the science of law . . . He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him.

287 U.S. 45, 68-69 (1932); *see also Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963) (citing the "sound wisdom upon which the Court's holding in *Powell v. Alabama* rested" and holding that the Sixth Amendment right to counsel applies to the states through the Fourteenth Amendment). Though Justice Sutherland was referring to a criminal defendant's Sixth Amendment right to counsel in *Powell*, the import of his words also speaks to the statutory right to counsel in immigration proceedings. Indeed, it is difficult to imagine a layman more lacking in skill or more in need of the guiding hand of counsel, than an alien who often possesses the most minimal of educations and must frequently be heard not in the alien's own voice and native tongue, but rather through an interpreter. Accordingly, "[t]o infuse the critical right to counsel with meaning, we have previously held that IJs must provide aliens with reasonable time to locate counsel and permit counsel to prepare for the hearing." *Biwot*, 403 F.3d at 1098-99 (citing *Rios-Berrios v. INS*, 776 F.2d 859, 862-63 (9th Cir. 1985)).

Here, Hernandez-Gil exercised his right to counsel and retained Weil-Herrera. Weil-Herrera represented him at his first removal proceeding. At Hernandez-Gil's subsequent cancellation of removal hearing, the IJ acknowledged that Hernandez-Gil had retained Weil-Herrera as his counsel and that Weil-Herrera was absent from the proceedings. The IJ, however, denied Hernandez-Gil's request for a continuance to permit Hernandez-Gil to appear with his attorney, and instead conducted the merits hearing with no lawyer present for Hernandez-Gil, despite the fact that Hernandez-Gil had not waived his right to counsel.

**[5]** When a petitioner does not waive his right to counsel, "the IJ must inquire whether there is good cause to grant petitioner more time to obtain counsel." *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005). When the IJ learned that Hernandez-Gil did not want to proceed without his counsel, the IJ knew: (1) that Weil-Herrera was presumably in another courtroom attending to another matter; and (2) in the preceding sixteen months Weil-Herrera had not contacted Hernandez-Gil to prepare for Hernandez-Gil's merits hearing. The IJ could have asked Hernandez-Gil why Hernandez-Gil had not contacted Weil-Herrera in preparation for the merits hearing; the IJ could have taken steps to determine where Weil-Herrera was in the building; and the IJ could have located and contacted Weil-Herrera to ask why she had not appeared at the scheduled hearing time to present Hernandez-Gil's case with him. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1020 (9th Cir. 2004) (where counsel did not appear at alien's removal hearing after failing to appear six previous times at alien's removal hearing, the IJ telephoned counsel, asked where she was and why she was not present).

Hernandez-Gil argues that the denial of a continuance violated his statutory right to counsel. "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing." *Biwot*, 403 F.3d at 1099. However, "we cannot allow a 'myopic insistence upon expeditiousness' to render the right to counsel 'an empty formality.' " *Id.* (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). Although the IJ asserted that an attorney would not "be of any or much help" to Hernandez-Gil, the statutory right to counsel exists so that an alien has a competent advocate acting on his or her behalf at removal proceedings. We have previously explained: "In creating a statutory right to counsel, Congress recognized that aliens have a great deal at stake in removal proceedings and acknowledged the importance of representation by an attorney in those proceedings." *Baltazar-Alcazar v. INS*, 386 F.3d 940, 944 (9th Cir. 2004). By conducting Hernandez-Gil's merits hearing without Weil-

Herrera, the IJ disregarded the importance to Hernandez-Gil of having his attorney present.

**[6]** When an immigrant has engaged counsel and the IJ is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored. Here, denying the request for a continuance and conducting the merits hearing without taking reasonable steps to permit counsel to participate, denied Hernandez-Gil his statutory right to counsel. Though it is true that Hernandez-Gil had sixteen months between his initial removal proceeding and his cancellation of removal hearing to meet with counsel and he did not do so, this does not negate Hernandez-Gil's statutory right to have counsel at his merits hearing. When his lawyer did not show up for his important hearing, it was reasonable for Hernandez-Gil to ask for a continuance. By declining unreasonably to grant even a brief continuance so that Hernandez-Gil could locate and appear with his attorney, whom the IJ had been told was in the building in another courtroom, the IJ denied Hernandez-Gil's statutory right to counsel.

## IV

**[7]** Our holding that Hernandez-Gil was denied his statutory right to counsel does not, by itself, require that petitioner prevail. "In due process challenges, there must be a showing of prejudice." *Colindres-Aguilar v. INS*, 819 F.2d 259, 261-62 (9th Cir. 1987) (citing *Mosseni Behbahani v. INS*, 796 F.2d 249, 251 (9th Cir. 1986) and *United States v. Nicholas-Armenta*, 763 F.2d 1089 (9th Cir. 1985)). "However, it is unsettled whether there must be a showing of prejudice where, as in this case, counsel has been effectively denied." *Colindres-Aguilar*, 819 F.2d at 262 (citing *Rios-Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985)). Because we determine that Hernandez-Gil has shown that he was prejudiced by the denial of his statutory right to counsel "we again leave unanswered the question whether a petitioner must show prej-

udice when he has been denied the right to counsel in removal proceedings." *See Biwot*, 403 F.3d at 1100; *Baltazar-Alcazar*, 386 F.3d at 947 ("The Ninth Circuit has yet to decide whether prejudice is required when a petitioner has demonstrated denial of the right to counsel in deportation proceedings.").

**[8]** To establish prejudice, Hernandez-Gil must show that the denial of his right to counsel "potentially [affected] the outcome of the proceedings." *Baltazar-Alcazar*, 386 F.3d at 947 (quoting *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (alteration in original)). Hernandez-Gil "need not explain exactly what evidence he would have presented in support of his application . . . ." *Id.* (quoting *Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002)).

The requirement for cancellation of removal that the IJ concluded Hernandez-Gil did not satisfy was a showing of extreme or unusual hardship for either of his two United States citizen sons. Extreme hardship "has no fixed definition" but is "evaluated on a case-by-case basis." *Id.* (quoting 8 C.F.R. § 1240.58(a)). As we explained in *Gutierrez-Centeno v. INS*, the BIA has enumerated non-exclusive factors[5] to be considered when analyzing claims of extreme hardship. *See Gutierrez-Centeno v. INS*, 99 F.3d 1529, 1533 n.8 (9th Cir. 1996). Moreover, we have warned that because "immigration laws have been termed second only to the Internal Revenue Code in complexity . . . [a] lawyer is often the *only* person who could thread the labyrinth." *Baltazar-Alcazar*, 386 F.3d at 948 (internal quotation marks and citation omitted) (emphasis added).

---

[5]These include (1) the age and health of the alien; (2) family ties in the United States and abroad; (3) length of residence in the United States; (4) economic and political conditions in the country to which the alien would be deported; (5) financial status; (6) possibility of other means of adjustment of status; (7) special assistance to the United States or the community; (8) immigration history; and (9) position in the community. *See Gutierrez-Centeno v. INS*, 99 F.3d 1529, 1533 n.8 (9th Cir. 1996).

The denial of Hernandez-Gil's statutory right to counsel prejudiced him because had Weil-Herrera or another lawyer representing Hernandez-Gil been present at his merits hearing, it is highly likely that Hernandez-Gil would have "more advantageously presented" his case of extreme hardship. *Rios-Berrios*, F.2d at 863; *see also Colindres-Aguilar*, 819 F.2d at 262 (holding that a violation of an alien's right to counsel prejudiced him because counsel "could have better marshalled specific facts in presenting petitioner's case for asylum and withholding of deportation"). In addition, Hernandez-Gil understands little English and needed an interpreter at his merits hearing. Nothing in the record indicates that Hernandez-Gil, who only completed a ninth grade education in Mexico, possesses even a basic understanding of the American legal system in general, and the "labyrinth" of immigration laws in particular.

A trained immigration lawyer, such as Weil-Herrera, is more familiar than Hernandez-Gil with the standards and factors an IJ examines to determine extreme hardship. She might have presented witnesses, testimony, and specific facts that Hernandez-Gil did not present. For example, Weil-Herrera might have (1) presented evidence of Hernandez-Gil's limited employment prospects in Mexico; (2) presented the testimony of Hernandez-Gil's two United States citizen children; (3) inquired into the immigration status of the mother of Hernandez-Gil's children, because if the mother was a lawful permanent resident her testimony and relationship with Hernandez-Gil and his children would be a part of the hardship determination; and (4) called the psychologist who had examined Hernandez-Gil's oldest son, Edgar, and submitted a written report to the IJ to testify further about his views on how removal of Edgar to Mexico could lead to significant mental health problems.

**[9]** We have little doubt that with an attorney, Hernandez-Gil could have better presented evidence demonstrating extreme hardship for his sons, and he would not have had to

answer the IJ's questions "without any idea of their legal significance." *Biwot*, 403 F.3d at 1100 (holding that the IJ's denial of petitioner's right to counsel was prejudicial because "[w]ith an attorney, he would not have been forced to proceed pro se, to present a case with no evidence, [and] to answer the IJ's inquiries without any idea of their legal significance"). The absence of an attorney at Hernandez-Gil's merits hearing potentially affected the outcome of the proceedings. *See Baltazar-Alcazar*, 386 F.3d at 948 (stating there was "little doubt that the Baltazars, with their limited command of English and even less experience with the American legal system, would have benefitted from counsel"). We conclude that the IJ's decision to deny Hernandez-Gil his statutory right to counsel prejudiced him.[6]

## V

[10] Accordingly, we hold that the IJ violated Hernandez-Gil's statutory right to counsel and remand this case to the BIA for further proceedings consistent with this opinion.[7]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[6]If Hernandez-Gil had been represented by counsel at the hearing and if there was an adverse ruling on extreme and unusual hardship, we would not have jurisdiction to review that discretionary decision. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001) (explaining that the court is "no longer empowered to conduct an 'abuse of discretion' review of the agency's purely discretionary determinations as to whether 'extreme hardship' exists."). However, we do have jurisdiction to conclude that Hernandez-Gil was disadvantaged when he was forced to proceed without the benefit of counsel.

[7]Hernandez-Gil also contends that the IJ violated his due process rights and that he received ineffective assistance of counsel. We need not and do not reach those issues here because we grant his petition for review based on the violation of his statutory right to counsel.