Bernardino **MERINO,** Petitioner

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 05–70775.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Alejandro Garcia, Esq., City of Commerce, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Bernardino Merino, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claimed violations of the right to counsel. *Hernandez–Gil v.*

*Gonzales,* 476 F.3d 803, 804 n. 1 (9th Cir. 2007). We review for abuse of discretion the decision not to continue a hearing. *See Biwot v. Gonzales,* 403 F.3d 1094, 1099 (9th Cir.2005). We deny the petition for review.

Merino contends the IJ improperly denied him his right to counsel. Contrary to Merino's contention, he was notified of his attorney's motion to withdraw and had sufficient time to retain an attorney prior to the August 21, 2003 hearing. *See id.* (determination of whether alien has been provided reasonable time to locate counsel and prepare for the hearing is a fact specific inquiry). The agency did not abuse its discretion in denying Merino's request for a continuance where Merino was aware that his attorney had filed a motion to withdraw, did not object to the motion to withdraw, and had received multiple continuances during the seven years his case was pending. *See id.* ("Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing."). Merino has not shown a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.