**Miguel Angel TORRES–JACINTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74818.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 21, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Manuel F. Rios, III, Rios Cantor, PS, Seattle, WA, for Petitioner.

Joanne E. Johnson, P. Michael Truman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Miguel Angel Torres–Jacinto, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' or-

der dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional and legal questions. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part, deny in part and grant in part the petition for review and remand for further proceedings.

We lack jurisdiction to review the IJ's discretionary hardship determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

Torres–Jacinto's contention that the agency violated his due process rights is not supported by the record.

Torres–Jacinto was denied his statutory right to counsel because the IJ failed to secure his knowing and voluntary waiver of the right. *See Hernandez–Gil v. Gonzales,* 476 F.3d 803, 806 (9th Cir.2007) (alien did not knowingly and voluntarily waive his right to counsel). The absence of counsel at Torres–Jacinto's hearing resulted in prejudice because with counsel, it is likely that Torres–Jacinto would have "more advantageously presented" his case of extreme hardship. *See id.* at 809.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.