**Josette DELCIMARD, a.k.a. Josette Semexant, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73701.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2008.*

Filed June 18, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kristina Bennard, Esq., Davis Wright & Tremaine, Llp, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thomas Fatouros, Jeffrey L. Menkin, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BRUNETTI and CALLAHAN, Circuit Judges, and BENITEZ,** District Judge.

### MEMORANDUM ***

Josette Delcimard, a citizen and native of Haiti, petitions for review of the order of the Board of Immigration Appeals ("BIA"), which affirmed and substantially adopted the Immigration Judge's ("IJ") decision denying Delcimard's application for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition. Because the parties are familiar with the facts of this case, we repeat them here only as necessary.

On appeal Delcimard argues that the IJ denied her due process by not continuing her third hearing to allow her additional time to secure representation. We review de novo whether a petitioner's statutory right to counsel was violated. *Mendoza–Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir.2007) (citing *Hernandez–Gil v. Gonzales*, 476 F.3d 803, 804 n. 1 (9th Cir.2007)). We review the denial of a request for a continuance for an abuse of discretion. *Id.* at 1079–80 (citation omitted); *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir.2005) (citation omitted) ("Absent a showing of clear abuse, we typically

---

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

do not disturb an IJ's discretionary decision not to continue a hearing.").

■ We first ask whether Delcimard waived her right to counsel. *Mendoza–Mazariegos,* 509 F.3d at 1080. Although the record suggests a finding of waiver, it does not clearly establish that Delcimard waived her right to counsel.

However, even if Delcimard did not waive her right to representation, the IJ acted within his discretion by not further continuing Delcimard's hearing. *See Hernandez–Gil,* 476 F.3d at 807 ("When a petitioner does not waive his right to counsel, 'the IJ must inquire whether there is good cause to grant petitioner more time to obtain counsel.'") (quoting *Biwot,* 403 F.3d at 1100). The question is whether the IJ took reasonable steps to ensure that Delcimard's right to counsel was honored. *Mendoza–Mazariegos,* 509 F.3d at 1080. "[A]fter a reasonable period of time [to find counsel] has been afforded, the hearing officer may properly conclude that the alien has been unable to do so." *Baires v. INS,* 856 F.2d 89, 91 n. 4 (9th Cir.1988).

The IJ adequately investigated whether there was good cause to grant a continuance and took reasonable steps to ensure that Delcimard's right to counsel was honored. The IJ granted two continuances, which provided Delcimard with nearly six weeks to obtain counsel. Delcimard was informed in writing of her right to counsel on December 28, 2005 and on January 3, 2006. She apparently was aware of her statutory right to counsel and the wisdom of retaining counsel, as the name of an attorney/counselor, Margo Jones, appears on her Credible Fear Worksheet and she had Jones's name and telephone number with her at her first hearing. She was again informed of her right to counsel, and the repercussions of not retaining counsel, in no uncertain terms at her January 4, 2006 hearing. The IJ called Jones during the hearing, scheduled a January 18, 2006 hearing date with Jones, and indicated that he would grant a continuance to accommodate Jones's potential scheduling conflict if Jones entered an appearance on Delcimard's behalf. The IJ also specifically cautioned Delcimard at the January 4th hearing that Jones was not yet her attorney and informed her and Jones of what steps they needed to take to have Jones represent her. Moreover, the IJ repeatedly warned Delcimard of the need to have an attorney by the January 18th hearing. At the February 7, 2006 hearing, the IJ further discussed with Delcimard whether Jones was representing her. The IJ did not exhibit a "myopic insistence upon expeditiousness" that rendered the right to counsel "an empty formality." *Biwot,* 403 F.3d at 1099 (citation and internal quotation marks omitted). Therefore, the record does not compel a conclusion that the IJ abused his discretion by not continuing Delcimard's hearing.

Delcimard also argues on appeal that the IJ violated her procedural due process rights to a "full and fair hearing" in several respects. "We review claims of due process violations in deportation proceedings de novo." *Agyeman v. INS,* 296 F.3d 871, 876 (9th Cir.2002). A petitioner, however, must exhaust her procedural due process claims before the BIA in order to raise them on appeal. *Morgan v. Gonzales,* 495 F.3d 1084, 1090 n. 2 (9th Cir. 2007) (stating that claims of procedural due process violations must be raised before the BIA because the agency has the power to adjudicate such claims); *Agyeman,* 296 F.3d at 877 (stating that the court "may not entertain due process claims based on correctable procedural errors unless the alien raised them below," and that the "exhaustion requirement applies to claims that an alien was denied a 'full and fair hearing'").

Delcimard did not raise two due process claims—that the IJ failed to (1) explain asylum standards, and (2) ascertain whether she understood the proceedings—before the IJ, or exhaust them before the BIA where she was represented by counsel and when the BIA could have addressed the claimed procedural defects. Therefore, we lack jurisdiction over these claims and do not reach them. *See Morgan,* 495 F.3d at 1090 n. 2; *Agyeman,* 296 F.3d at 877.

Although there is some question as to whether Delcimard exhausted her two remaining due process claims, we conclude that they lack merit. First, Delcimard cites no authority to support her claim that the IJ violated her due process rights by asking "leading" questions. The record reveals that the IJ asked Delcimard both leading questions and open-ended questions, which were designed to extract information that might be legally relevant to an asylum claim by an equivocal petitioner.[1] Delcimard has not shown that the questioning denied her due process.

Second, Delcimard has not persuaded us that the IJ should have further explored "the relative wealth of Ms. Delcimard's family due to her father living abroad." She ostensibly links the family's wealth to support for the Lavalas Party and, in turn, being targeted by the Zenglendos criminal gang. She has not, however, indicated why follow-up questions were required on this topic and has not presented a compelling case that further exploration would have provided a ground for an asylum claim. Regardless, the IJ thoroughly questioned her about the Zenglendos criminal gang, the Lavalas Party,

her actual and imputed political affiliations, and whether she had been the target of any persecution on account of any protected asylum ground. None of Delcimard's arguments on appeal warrants a conclusion that the IJ erred.

**PETITION DENIED.**

---

1. Delcimard also raises the fact that during the hearing the interpreter informed the IJ that Delcimard was simply repeating what the IJ said. This fact does not indicate a due process violation because the IJ confirmed that the interpreter was providing a literal translation of the proceedings and that Delcimard and the interpreter understood one another.