MEMORANDUM *
Petitioner Ekaterina Filimonova, a citizen of Russia, petitions for review from a *35 Board of Immigration Appeals (“BIA”) decision affirming the order of an Immigration Judge (“IJ”) refusing to grant her a continuance so that she could obtain counsel and pretermitting her application for asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons that follow, we hold that the IJ violated Filimonova’s statutory right to counsel and thus abused his discretion.
We review an IJ’s denial of a request for a continuance for abuse of discretion. See Nakamoto v. Ashcroft, 363 F.3d 874, 883 n. 6 (9th Cir.2004). We determine de novo whether such denial violates a statutory or constitutional right. See Mendoza-Mazariegos v. Mukasey, 509 F.3d 1074, 1079-80 (9th Cir.2007); Hernandez-Gil v. Gonzales, 476 F.3d 803, 804 n. 1 (9th Cir. 2007).[1] The “question whether [a] denial of a continuance ... constitutes an abuse of discretion ... must be resolved on a case by case basis according to the facts and circumstances of each case.” Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). We consider such factors as “the number of prior continuances granted the alien and their duration,” “the nature of the evidence to be presented and its importance to the alien’s claim,” and the “convenience of the immigration court.” Id. at 92-93. Central to our analysis is the question whether, in denying the request for a continuance, the IJ violated the alien’s statutory or constitutional rights. Id. at 91 n. 2.
Aliens in removal proceedings have a statutory right to be represented by counsel of their choice, at their own expense. See 8 U.S.C. § 1362; see also 8 C.F.R. § 1240.10(a); Mendoza-Mazariegos, 509 F.3d at 1084; Hernandez-Gil, 476 F.3d at 808. There was no “knowing and voluntary waiver” of that right here, see Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir.2004), as Filimonova consistently expressed her desire to be represented by counsel.
The IJ abused his discretion and denied Filimonova her right to retained counsel when he refused her request for a continuance after her retained counsel did not show up for her hearing. The denial was based on an erroneous reading of the record and deprived Filimonova of the assistance of counsel in a hearing in which counsel could have been helpful.
First, contrary to the IJ’s characterization, the record does not indicate that Filimonova’s immediate need for a continuance was due “to unreasonable conduct on the part of the alien.” Baires, 856 F.2d at 93. When Belitsky failed to appear for the merits hearing, Filimonova expressed surprise and confusion. The IJ did not inquire whether she knew that Belitsky had previously sought a continuance because of personal obligations, or whether she had any foreknowledge that Belitsky might not attend her hearing. The record suggests that Belitsky’s conduct was not reasonable, but does not indicate that Filimonova was in any way responsible for Belitsky’s failure to appear.
Second, in considering the number of prior continuances and their duration, the IJ noted that there had been many continuances since the removal proceedings began in 1999. The IJ miscounted the total number of continuances, however, and failed to recognize that two of the continuance requests were submitted by the government, not by Filimonova. Further, the IJ did not review the specific reasons for *36 the continuances sought before the Los Angeles immigration court, and so failed to attribute some of those requests to Filimonova’s former, ineffective counsel. See Baires, 856 F.2d at 93; Mendoza-Mazariegos, 509 F.3d at 1081. The IJ also failed to recognize that Filimonova’s new counsel (after succeeding in reopening her proceedings on the basis of ineffective assistance) had requested a continuance only once, and the request was denied. The IJ therefore abused his discretion in evaluating the previous continuances factor as part of the determination whether to grant a continuance.
Third, although it is true that Filimonova’s case had been pending for a total of five years when the IJ pretermitted her application, much of the delay was attributable to the immigration court itself. For example, the delay from October 4, 2001, until January 6, 2003, was due to the immigration court’s own scheduling conflicts. As we have previously stated, “[i]t is disturbing that an individual petitioner” could be “punished for the crowded docket of the immigration courts.” Mendoza-Mazariegos, 509 F.3d at 1084. The IJ did not take this consideration into account in denying the request for a continuance, and so abused his discretion for that reason as well.
Fourth, Filimonova faced a difficult hearing. A previous IJ had warned her that the INS intended to present evidence that her birth certificate was fraudulent, and that this would cause her “serious difficulty in proving [her] case.” Although Filimonova appears to have a good command of the English language, it would likely be difficult for her to cross-examine the INS’s expert witness on such a technical issue as forensic documents analysis. See Baires, 856 F.2d at 92.
Finally, “ ‘myopic insistence upon expeditiousness in the face of a justifiable request for delay’ ... render[ed] the alien’s statutory rights merely ‘an empty formality.’” Baires, 856 F.2d at 91 (quoting Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985)). The IJ denied Filimonova’s request out of hand, without asking her how long a continuance she wanted or consulting the court’s upcoming schedule. On this record, the “convenience of the immigration court,” Baires, 856 F.2d at 92, does not justify the IJ’s denial of Filimonova’s request.
In sum, the IJ’s denial of Filimonova’s request for a continuance was based on an erroneous reading of the record and is unsupported by any other relevant considerations. The BIA affirmed, adding only that “the absence of counsel at a hearing does not constitute a denial of due process without some showing of prejudice to the alien,” citing Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Ramirez, however, does not stand for that proposition. We have, in fact, long left unanswered the question whether prejudice is required when an IJ’s denial of a continuance effectively denies an alien’s statutory right to counsel. See Hernandez-Gil, 476 F.3d at 808; Mendoza-Mazariegos, 509 F.3d at 1084; Baires, 856 F.2d at 91 n. 3.
We need not resolve that question today. Filimonova faced the very serious charge of document falsification. Disputing that charge would require cross-examination of the government’s forensics expert on highly technical questions, for which an attorney fluent in English and familiar with the law and with the art of cross-examination would be much better positioned than Filimonova herself. Had Filimonova’s counsel “been present at h[er] merits hearing, it is highly likely that [she] would have more advantageously presented h[er] case.” Hernandez-Gil, 476 F.3d at 809. We therefore conclude that Filimonova has demonstrated prejudice of the kind recog *37 nized by our denial-of-counsel case law as adequate.
For the foregoing reasons, we grant the petition for review and remand the case to the agency for further proceedings. We order that Filimonova’s case be assigned to a different IJ on remand. See Nuru, 404 F.3d at 1229.
PETITION FOR REVIEW GRANTED and REMANDED.

 This disposition is not appropriate for publicalion and is not precedent except as provided *35 by 9th Cir. R. 36-3.

. Because the BIA expressly adopted the reasoning of the IJ and added some of its own reasoning, our review encompasses both decisions. See Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir.2005).