**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDO GUZMAN-ARANDA, | No. 07-74272 |
| Petitioner, | Agency No. A047-347-949 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Bernardo Guzman-Aranda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order. We have jurisdiction pursuant to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JTK/Research

8 U.S.C. § 1252. We review de novo whether the statutory right to counsel was violated. *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074,1079 (9th Cir. 2007). We grant the petition for review and remand for further proceedings.

Guzman-Aranda was denied his statutory right to counsel because the IJ failed to secure his knowing and voluntary waiver of the right, *see Hernandez-Gil v. Gonzales*, 476 F.3d 803, 806 (9th Cir. 2007), and did not "inquire whether there [was] good cause to grant [Guzman-Aranda] more time to obtain counsel," *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005). Moreover, the absence of counsel at Guzman-Aranda's hearing resulted in prejudice. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1106 (9th Cir. 2004) (alien demonstrated prejudice where an attorney could have assisted him in his testimony and could have made legal objections to the admission of certain evidence).

**PETITION FOR REVIEW GRANTED; REMANDED.**