NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| MARIA GUADALUPE GARCIA LANDA, | ) ) ) | No. 06-71931 |
| Petitioner, | ) ) | Agency No. A078-372-095 |
| v. | ) ) | **MEMORANDUM**[*] |
| ERIC H. HOLDER Jr., Attorney General, | ) ) ) ) | |
| Respondent. | ) ) ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted July 14, 2010[**]
San Francisco, California

Before:    FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Maria Guadalupe Garcia Landa, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' denial of her application for

cancellation of removal.  See 8 U.S.C. § 1229b(b)(1).  We grant the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

When Garcia appeared before the Immigration Judge, he denied a continuance because her attorney, who had sent notice that illness prevented her appearance, had not provided sufficient evidence or notice of inability to attend. The IJ then effectively required Garcia to proceed without counsel, and did not even inquire into her desires in that respect or into her ability to represent herself.

Our review of the record makes it plain that in so doing the IJ deprived Garcia of her statutory right to counsel. See 8 U.S.C. § 1229a(b)(4)(A); 8 U.S.C. § 1362; Mendoza-Mazariegos v. Mukasey, 509 F.3d 1074, 1080 (9th Cir. 2007); Hernandez-Gil v. Gonzales, 476 F.3d 803, 806–08 (9th Cir. 2007); Biwot v. Gonzales, 403 F.3d 1094, 1100 (9th Cir. 2005). We have not previously decided whether an alien must show prejudice when deprived of counsel,[1] and we need not do so here because it is plain that Garcia found herself without counsel at the last minute, was not a fluent English speaker, did not understand the nature of the proceedings, and certainly was not schooled in the complexities of the law.[2] The record shows that the outcome of the proceeding was potentially affected. See Biwot, 403 F.3d at 1100. Garcia has shown prejudice, and we must, therefore,

---

[1]See Mendoza-Mazariegos, 509 F.3d at 1084–85; Hernandez-Gil, 476 F.3d at 808.

[2]See Hernandez-Gil, 476 F.3d at 809–10; Baltazar-Alcazar v. INS, 386 F.3d 940, 948–49 (9th Cir. 2004).

2

remand for further proceedings whereat she has an opportunity to properly present her case with the aid of counsel.

Because of our resolution of the above issue, we need not and do not decide whether we have jurisdiction over the appeal of the denial of Garcia's motions to reopen, or whether upon the BIA's earlier remand to the IJ[3] further evidence should have been taken.

Petition GRANTED; REMANDED.

---

[3]That was done due to one of our decisions, which has since been overruled. See Molina-Camacho v. Ashcroft, 393 F.3d 937, 940–41 (9th Cir. 2004), overruled by Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).