**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EZRA OSCAR BUDIARJA, | No. 08-70184 |
| Petitioner, | Agency No. A95-629-864 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2012
Pasadena, CA

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

Petitioner Ezra Oscar Budiarja, a native and citizen of Indonesia, petitions

for review of a December 19, 2007 decision by the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Burgess, United States District Judge for
the District of Alaska, sitting by designation.

1

("BIA" or "Board"), denying his petition for withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's "legal determinations de novo, and factual findings for substantial evidence." *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009) (citing *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 804 n.1 (9th Cir. 2007)). In order to prevail on his petition for withholding of removal, Budiarja bears the burden of showing that he "has a well-founded fear of future persecution" if removed to Indonesia. 8 C.F.R. § 1208.13(b). He may make this showing either by directly proving the factual basis for the well-founded fear of future persecution, or by showing that he has suffered past persecution. *Id*. A showing of past persecution creates a rebuttable presumption of future persecution. 8 C.F.R. § 1208.13(b)(1).

This burden has not been met. For purposes of withholding of removal, "persecution" is "'the infliction of suffering of harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive.'" *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (quoting *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir. 1998)).  Persecution is furthermore "'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Wakkary*, 558 F.3d at 1059 (quoting *Nagoulko*, 333 F.3d at 1016)..

2

Before the Immigration Judge ("IJ") and the BIA, Budiarja testified that in 1998 he was robbed and beaten by Indonesian Muslims who uttered ethnic and religious insults. His counsel attempted to elicit testimony that the police failed to conduct a proper investigation because of his ethnicity or religion, but the IJ properly excluded such testimony for lack of foundation. He also testified that Muslims had thrown rocks at his mother's Christian church building, and that ethnic Chinese Christians such as him were often harassed for money.

In *Wakkary v. Holder*, we held that substantial evidence supported a finding of no past persecution even where the petitioner, an ethnic Chinese Christian like Budiarja, had been twice beaten and robbed by groups of Indonesian youths, and "accosted by a threatening mob while driving to Bible school[.]" *Id.* As in this case, Wakkary's attackers evinced a racial animus, saying "'Chinese[,] you stop'" and "['A]re there any Chinese or Christians in that car[?']" *Id.* at 1054 (alterations in original). Yet, we held that the attacks were not so systematic or harmful that they compelled a finding of past persecution. *Id.* at 1060.

The same result obtains here. While it might reasonably be argued that Budiarja's vicious 1998 robbery amounted to discriminatory mistreatment, the IJ held that it appeared to be an isolated incident, and not part of any systematic persecution of ethnic Chinese Christians. The evidence does not compel us to find

3

that the IJ's ruling was in error. Having failed to prove past persecution, Budiarja is not entitled to a presumption of future persecution.

In the absence of this presumption, Budiarja also fails to prove a likelihood of future persecution. He has not shown that he is more likely than any other ethnic Chinese Christian Indonesian to suffer persecution upon removal. *See Sael v. Ashcroft*, 386 F.3d 922, 925-27 (9th Cir. 2004). Nor has he shown that he has a "greater than fifty percent" chance of suffering future persecution. *Wakkary*, 558 F.3d at 1065. Furthermore, his family, which shares his ethnicity and religion, continues to live in Indonesia without harm, "weaken[ing], even undercut[ting]" Budiarja's showing of future persecution. *Hakeem v. I.N.S.*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

Finally, the BIA's denial of relief under the CAT was supported by substantial evidence. For purposes of the CAT, the torture that the petitioner hopes to avoid must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Even if Budiarja could show that he is likely to be beaten again as he was in 1998, he has not submitted any evidence that such a beating would be "with the consent or acquiescence of a public official." *Id.* Therefore, the

4

BIA's denial of relief under the CAT was proper.

PETITION DENIED.