**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS NYAGA KARANJA, | No. 12-70232 |
| Petitioner, | |
| v. | Agency No. A087-095-314 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 29, 2013
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.

Nicholas Karanja, a native and citizen of Kenya, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the immigration judge's

(IJ) denial of his applications for asylum, withholding of removal, and CAT relief.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Karanja's

motion to remand filed September 10, 2013 is denied.

---

  \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Karanja contends: (1) the removal proceedings were procedurally unfair; and (2) substantial evidence does not support the BIA's adverse credibility determination. Specifically, Karanja argues the IJ failed to advise him of the availability of pro bono assistance as required by 8 C.F.R. § 1240.10(a) in violation his due process rights. But the IJ recommended Karanja seek free legal services from two particular pro bono organizations, including one that visited the barracks where Karanja was detained, and granted Karanja multiple continuances to obtain counsel. The IJ also "specifically [inquired] as to whether [Karanja] wishe[d] to continue without a lawyer" and "receive[d] a knowing and voluntary affirmative response." *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 806 (9th Cir. 2007). Karanja does not argue that his waiver of the right to counsel was invalid.

The record shows the IJ did not rely on counsel Carrye Washington's concession that Karanja failed to apply for asylum within the one-year deadline. Karanja also contends the BIA erred by relying on statements made by counsel Brigit Alvarez after she expressed an intent to withdraw. But Alvarez was the counsel of record at the time her statements were made, and she had authority to make the challenged statements. Further, Karanja did not show that he was prejudiced by Alvarez's representation.

Karanja's application for asylum was properly denied because it was untimely and Karanja did not show extraordinary circumstances related to the

delay in filing. *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011).

The BIA's adverse credibility determination was based on inconsistencies in Karanja's testimony. Karanja testified that he was persecuted in Kenya because he is a homosexual. But it is undisputed that Karanja had two significant heterosexual relationships in the United States; he was married to one woman and fathered a child with another woman. The BIA's determination that Karanja's testimony was not sufficiently corroborated does not compel reversal. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009). We cannot conclude that "any reasonable adjudicator would be compelled to conclude to the contrary." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

In the absence of credible testimony, Karanja failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Karanja's CAT claim was based on the same testimony, and because Karanja failed to offer any other evidence showing he will more likely than not be tortured if returned to Kenya, his CAT claim also fails. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DENIED.**