NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALVARO DENIS VARGAS-PALACIOS,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72114<br><br>Agency No. A028-645-487<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Alvaro Denis Vargas-Palacios, a native and citizen of Nicaragua, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

The record does not compel the conclusion that Vargas-Palacios' untimely asylum application is excused by changed or extraordinary circumstances. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). We reject Vargas-Palacios' contention that the IJ failed to develop the record on this issue. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge).

As to withholding of removal, substantial evidence supports the BIA's determination that Vargas-Palacios' experiences in Nicaragua did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (record did not compel finding of past persecution). Substantial evidence also supports the agency's finding that Vargas-Palacios failed to establish it was more likely than not that he would be persecuted if returned to Nicaragua. *See id.* at 1018 (future persecution too speculative). Thus, Vargas-Palacios' withholding of removal claim fails.

In addition, substantial evidence supports the agency's denial of CAT relief

because Vargas-Palacios failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Nicaragua if returned. *See Silaya*, 524 F.3d at 1073.

Finally, the record does not support Vargas-Palacios' contention that he did not voluntarily and knowingly waive the right to counsel. *See Hernandez-Gil v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**