NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDELMIRA BACA NORIEGA SALAYES ARAIZA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-71000 <br><br> Agency No. A087-244-853 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2019**
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Petitioner Edelmira Salayes Araiza, a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals' (BIA) dismissal of her appeal

challenging the immigration judge's (IJ) denial of a continuance to prepare the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

case and file an application for relief from removal. Specifically, Salayes Araiza argues that the IJ should have granted her motion for a continuance so that her attorney, whom she had retained the day before her final hearing, could prepare for the case and locate and submit her written application for relief. She also argues that a continuance was warranted in light of her pending collateral attack in state court on her criminal conviction, which, if successful, would impact her eligibility for forms of relief from removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988) (citation omitted). When evaluating an IJ's denial of a motion for continuance, we have considered factors such as the number of prior continuances and their duration, the reasonableness of the immigrant's conduct, the inconvenience to the immigration court, the nature of the evidence to be presented and its importance to the alien's claim, and whether the denial of the continuance violates the immigrant's rights. *See id.* at 91-93.

Given the totality of the circumstances, the IJ's denial of a continuance was not an abuse of discretion. *See Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.

2

1985) ("[T]he decision to grant or deny continuances is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse."). The IJ had previously granted Salayes Araiza a total of five continuances in the five months that had elapsed since her initial hearing, and she had repeatedly failed to comply with his directives and deadlines, particularly in regard to the submission of her application for relief.

Moreover, Salayes Araiza has not shown how the denial of the continuance violated her rights or caused her prejudice. With regard to her right to present evidence, *see* 8 U.S.C. § 1229a(b)(4)(B), Salayes Araiza does not specify what evidence or witnesses she would have presented if her requested continuance had been granted. The IJ questioned Salayes Araiza about her claims and fairly developed her testimony during the hearing, and Salayes Araiza has not challenged any of his actual findings of fact or legal conclusions. While a delay presumably would have allowed counsel to locate and submit Salayes Araiza's written application, she does not explain what relevant information the application would have contained, or how it would have differed from her in-hearing testimony or changed the outcome of her immigration proceeding.

Salayes Araiza likewise has not explained how the denial of the continuance might have affected her right to counsel, *see* 8 U.S.C. § 1229a(b)(4)(A). In some cases, where a retained attorney has failed to appear at the merits hearing, we have

3

found that the IJ's denial of a requested continuance effectively denied the immigrant's right to counsel. *See, e.g.*, *Hernandez-Gil v. Gonzales*, 476 F.3d 803 (9th Cir. 2007); *Montes-Lopez v. Holder*, 694 F.3d 1085 (9th Cir. 2012). Here, however, Salayes Araiza's counsel was present for the hearing and given an opportunity to ask questions and elucidate her client's claims for relief. As such, the IJ's decision to proceed with the merits hearing did not deny Salayes Araiza her right to counsel.

As Salayes Araiza fails to demonstrate any violation of her rights, she is also unable to show she suffered any prejudice due to the denied continuance. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) ("As a general rule, an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding."). Thus, we affirm the agency's denial of a continuance and deny the petition for review.

**PETITION DENIED**.