**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONAS MYRTIL, | No.   19-72624 |
| Petitioner, | Agency No. A209-391-488 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of Orders of
the Department of Homeland Security and an Immigration Judge

Argued and Submitted April 15, 2021
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA, Senior District
Judge.**

Jonas Myrtil, a native and citizen of Haiti, petitions for review of (1) the

Department of Homeland Security's ("DHS") decision to reinstate his prior

removal order; and (2) an Immigration Judge's ("IJ") negative reasonable fear

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* James V. Selna, United States Senior District Judge for the Central
District of California, sitting by designation.

determination.  We have jurisdiction under 8 U.S.C. § 1252(a).  We grant the petition in part and deny it in part and remand for proceedings consistent with this disposition.

1.      Myrtil argues that his reinstatement proceedings violated due process because the government did not comply with 8 C.F.R. § 241.8 and the DHS's Detention and Removal Operations Policy and Procedure Manual ("Manual").  Assuming, without so deciding, that the government failed to comply with § 241.8 and the Manual and that such failure constitutes a due process violation, we consider prejudice.  "'As a general rule, . . . prejudice will have to be specifically demonstrated,' unless compliance with the regulation is mandated by the Constitution, in which case prejudice may be presumed."  *Sanchez v. Sessions*, 904 F.3d 643, 652 (9th Cir. 2018) (citation omitted) (alteration in original).  We find no authority holding that compliance with § 241.8 or the Manual is mandated by the Constitution.  On the contrary, in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007) (en banc), where § 241.8 was at issue and we found that the government complied with it, *id*. at 496, we reiterated that, "[a]s a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him," *id*. at 495 (citation omitted) (alteration in original).  Thus, Myrtil must establish prejudice but has failed to do so in light of evidence in the record that he was previously ordered

2

removed, was in fact removed, and reentered illegally. *See id.* ("[R]einstatement only requires proof that (1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States."); *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings."). Thus, Myrtil's due process challenges to his reinstatement proceedings fail.

2.      Myrtil also contends that the IJ violated his right to counsel at his reasonable fear hearing before the IJ. We have just held that he has a statutory right to counsel at such a hearing, cabined by 8 C.F.R. § 208.31(g)(1)'s requirement that, "[i]n the absence of exceptional circumstances," such hearings "shall be conducted by the immigration judge within 10 days of the filing of the Notice of Referral to Immigration Judge with the immigration court." *Orozco-Lopez v. Garland*, No. 20-70127, 2021 WL 3745765 (9th Cir. Aug. 25, 2021).

Myrtil appeared at his hearing without an attorney after the IJ gave him about three weeks to find one. Myrtil told the IJ, "There's one that I spoke to. He said that he was going to help me, that he was going to be here today. I don't know." "When an immigrant has engaged counsel and the IJ is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored." *Hernandez-Gil*

3

*v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007) (discussing the statutory right to counsel under 8 U.S.C. §§ 1229a(b)(4)(A) and 1362). Here, instead of ensuring Myrtil's right to counsel, the IJ just proceeded with the hearing. In doing so, the IJ denied Myrtil's statutory right to counsel. Myrtil need not show prejudice. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012) (holding that a non-citizen "who shows that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney"). We therefore remand for further proceedings consistent with this disposition.

**PETITION GRANTED in part; DENIED in part; REMANDED**.