**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE MARTINEZ GUZMAN; et al., | No. 05-73837 |
| Petitioners, | Agency Nos. A075-304-471 |
| v. | A075-304-472 |
| | A075-304-473 |
| ERIC H. HOLDER Jr., Attorney General, | A075-304-474 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN,[**]
District Judge.

Petitioners Vicente Martinez-Guzman, Maria Hernandez-Garcia, Marco

Martinez-Hernandez, and Raul Martinez-Hernandez ("Petitioners"), seek review of

the decision of the Board of Immigration Appeals adopting and affirming the decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

of the Immigration Judge ("IJ"). The IJ denied their applications for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. Petitioners claim denial of their motion for continuance was an abuse of discretion and that they were neither fully represented at the ensuing early hearing nor adequately treated if considered pro se. We grant the petition and remand for a new hearing.

An IJ's decision to deny a request for continuance is reviewed for an abuse of discretion, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we consider the following: "(1) the importance of the evidence [that denial of the motion excluded], (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) (citing *Baires v. INS*, 856 F.2d 89, 92-93 (9th Cir. 1988)). Central to the analysis is whether an alien's statutory or constitutional rights are violated because the IJ denies a continuance. *See Baires*, 856 F.2d at 90-91 & n.2.

Petitioners claim the denial of a continuance was an abuse of discretion because their counsel appeared telephonically on a poor connection and was unprepared after receiving only three weeks notice of a hearing date accelerated from October 9, 2003, to July 31, particularly given his previously-scheduled out-of-state hearing on July 30.

Petitioners do not point to excluded, potentially dispositive evidence, *see Cui v. Mukasey*, 538 F.3d at 1292, but we have explained prima facie eligibility is not required to show "good cause" for a continuance, nor does the lack of it excuse an abuse of discretion. *Ahmed*, 569 F.3d at 1015. Petitioners have not acted unreasonably as their counsel's failure to attend the hearing should not be attributed to their bad faith. *See Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1083 (9th Cir. 2007). Neither the government nor the immigration court argued any specific inconvenience, aside from the IJ claiming "more judge resources became available and were sent to San Francisco . . . with significant expense to the department and tax payers." *See Cruz Rendon v. Holder*, No. 06-70301, slip. op. at 15791 (9th Cir. Dec. 2, 2009) ("A further continuance would not have inconvenienced the court, except to the extent that the IJ wanted the case off her docket."). Petitioners' pursuit of a fifth continuance may weigh against them, and the IJ assigned great weight to the length of the case's pendency. Yet, "[i]t would be unfair to punish [Petitioners] for . . . the crowded docket of the immigration courts." *Cui*, 538 F.3d at 1295. Here, the immigration court's docket delayed the case significantly, with hearing dates scheduled seventeen months and more than two years in the future.

On balance, consideration of the four factors does not weigh conclusively in either direction. However, Petitioners' hearing was advanced more than two months

3

on short notice. Their counsel notified the court of several specific reasons why the new date would present difficulties, and did not contest the original schedule. Counsel was not notified of the denial of the motion until the morning of the hearing.

During the hearing, Petitioners' counsel repeatedly renewed the continuance motion when it became clear the audio quality was poor, explaining he was unprepared to proceed and could not hear the proceedings. In response to Petitioners' counsel's request to be relieved, the IJ stated, "You're the person who relieved yourself of representation, by going out of town, after you knew the motion for continuance was denied." For the duration of the hearing it was unclear whether the IJ considered Petitioners to be proceeding pro se, requiring their knowing and voluntary waiver of the statutory right to counsel, *see Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004), which the IJ failed to obtain.

"'[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay' can render the alien's statutory rights merely 'an empty formality.'" *Baires*, 856 F.2d at 91 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)); *see also Ahmed*, 569 F.3d at 1013; *Cui*, 538 F.3d at 1292; *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 807 (9th Cir. 2007). Under these circumstances, the overall handling of the continuance motion and the IJ's failure to specifically inquire of the Petitioners

4

whether they wished to proceed without their attorney, constitutes an abuse of discretion.

**PETITION GRANTED** and **REMANDED.**