FILED

**NOT FOR PUBLICATION**

AUG 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBBY TETELEPTA, | No. 08-72657 |
| Petitioner, | Agency No. A095-629-865 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Robby Tetelepta ("Tetelepta") is an Indonesian Christian who fears religious

persecution. He seeks asylum, withholding of removal and protection under the

United Nations Convention Against Torture ("CAT"). The Board of Immigration

Appeals ("BIA") found that Tetelepta's asylum application was untimely and that

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

his testimony, while credible, did not establish eligibility for withholding or CAT relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny Tetelepta's petition for review.

The facts are known to the parties; we do not repeat them.

We review the BIA's legal determinations de novo, and its factual determinations for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009) (citing *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 804 n.1 (9th Cir. 2007)). Because the BIA did not adopt the decision of the immigration judge ("IJ"), we look to the IJ's determinations only to the extent that the BIA agreed with them. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n.3 (9th Cir. 2004).

## I

Tetelepta's asylum application was untimely. Our review regarding the timeliness of his application is limited to constitutional issues and questions of law. 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 649-50 (9th Cir. 2007). Tetelepta has not "demonstrate[d] . . . the existence of changed circumstances which materially affect [his] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D).

Tetelepta, who left Indonesia because he feared religious persecution, has not shown changed conditions. Even if the outbreak of violence in 1998 was enough to constitute "changed conditions" under *Fakhry v. Mukasey*, 524 F.3d 1057, 1063 (9th Cir. 2008), Tetelepta's four-year delay in applying for asylum was not reasonable. *See* 8 C.F.R. § 1208.4(a)(4)(ii); *see also Taslimi v. Holder*, 590 F.3d 981, 986 (9th Cir. 2010) (noting that a delay of more than a year will generally be unreasonable).

Tetelepta has also not shown "extraordinary circumstances" to excuse his late application. 8 C.F.R. § 1208.4(a)(5). Generally ignorance of the immigration laws is no excuse. *Cf. Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). Tetelepta's admission that he was able to garner adequate legal counsel within two weeks of seeking it suggests that his ignorance was not caused by circumstances outside his control. *Cf. Sagaydak v. Gonzales*, 405 F.3d 1035, 1041

n.7 (9th Cir. 2005) (citing *Socop-Gonzales v. INS*, 272 F.3d 1176, 1193 (2001) (en banc)).[1]

## II

Tetelepta has not established that he is eligible for withholding of removal because he has not shown he will more likely than not be persecuted upon his return to Indonesia.  8 C.F.R. § 1208.16(b)(1).  Tetelepta has not suffered past persecution.  At most, Tetelepta has established harassment, which does not constitute persecution.  *Gomes v. Gonzales*, 429 F.3d 1264, 1266 n.1 (9th Cir. 2005); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

Tetelepta also has not established that he will more likely than not be persecuted in the future.  Tetelepta has offered no evidence that he will be individually targeted for future persecution.  *See* 8 C.F.R. § 1208.16(b)(2).  Tetelepta has also failed to establish that the Indonesian government has made a pattern or practice of persecuting similarly situated individuals.  8 C.F.R. §

---

[1] Without much explanation, Tetelepta asserts that the one-year time bar violates his Equal Protection and Due Process rights.  Because he ""does not allege discrimination on the basis of a suspect class" or assert the deprivation of a fundamental right, the statute is constitutional unless it has no rational basis.  *Gonzales-Medina v. Holder*, 641 F.3d 333, 336 (9th Cir. 2011).  Tetelepta has not met his "burden to negate every conceivable basis which might support" the legislation.  *Id.* (internal quotation marks omitted).

1208.16(b)(2)(i)-(ii); *see Wakkary*, 558 F.3d at 1061 (finding similar evidence insufficient to show a pattern or practice of persecution).

Finally, Tetelepta has not satisfied his burden under what has come to be known as the "disfavored group analysis." *Id.* at 1063, 1068-69 (applying this analysis to withholding claims). Although we have recently held that Christians in Indonesia are a disfavored group, *see Tampubulon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), Tetelepta failed to produce evidence that he is at any greater risk than any other member of the disfavored group. Tetelepta simply cannot prevail on a "general, undifferentiated claim." *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2005) (en banc)..

## III

As for his CAT claim, Tetelepta "presented some evidence that torture occurs in Indonesia," mostly from State Department reports, "but he has offered no evidence that he is likely to find himself in such a position." *Wakkary*, 558 F.3d at 1068. Tetelepta has failed to show that he will likely be tortured with the acquiescence of the Indonesian government.

Petition is **DENIED**.