**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR ARMANDO LARIN-
DOMINGUEZ,

 Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

 Respondent.

No. 09-73105

Agency No. A014-185-015

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued February 5, 2013
Submitted May 16, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

 Oscar Armando Larin-Dominguez, a citizen of El Salvador, appeals the

Board of Immigration Appeals' ("BIA") denial of his motion to reopen his 2004

removal proceeding so that he can apply for cancellation of removal. Larin-

Dominguez claims that: (1) he received ineffective assistance of counsel at his

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2004 hearing; (2) his due process rights were violated when the Immigration Judge ("IJ") failed to adequately advise him regarding his right to counsel; and (3) his waiver of appeal was not considered and intelligent. The BIA denied Larin-Dominguez's motion on the grounds that he failed to establish prejudice and validly waived appeal of the removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252.[1] We grant Larin-Dominguez's petition and remand.

Larin-Dominguez's motion to reopen was not filed within ninety days of the entry of his removal order as required by 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2). However, he is entitled to equitable tolling of the filing deadline because of ineffective assistance of counsel. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1191–93 (9th Cir. 2011) (noting that the filing period for a motion to reopen is subject to equitable tolling on the basis of ineffective assistance of counsel). We

---

[1] The government contends that we lack jurisdiction because Larin-Dominguez's petition for review is moot. *See Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). According to the government, we cannot provide Larin-Dominguez with an effective remedy given that he remains subject to a separate, independently executed 2005 removal order for illegal entry without inspection. However, the 2005 removal is not the subject of this appeal, and it is conceivable that Larin-Dominguez could bring a separate challenge to that removal order and/or its subsequent reinstatement. Given this possibility, we cannot say that it is "impossible for [us] to grant any effectual relief whatever to [Larin-Dominguez]." *Knox v. Serv. Emp. Int'l Union Local 1000*, 132 S. Ct. 2277, 2287 (2012). Consequently, we find Larin-Dominguez's petition is not moot.

review the BIA's denial of Larin-Dominguez's motion to reopen for abuse of discretion. *He v. Gonzales*, 501 F.3d 1128, 1130 (9th Cir. 2007).

1. The BIA abused its discretion in finding that Larin-Dominguez was not prejudiced by his counsel's failure to appear at the 2004 removal hearing. Had Larin-Dominguez been represented by competent counsel at the time of his removal hearing, he could have plausibly obtained relief from deportation. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) ("Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." (quoting *Castillo-Perez v. INS*, 212 F.3d 518, 527 n.12 (9th Cir. 2000))); *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004) (finding prejudice established where evidence in the record "could plausibly have supported a finding that [the petitioner] was eligible for relief" (alteration and internal quotation marks omitted)).

Although our opinion in *Cazarez-Gutierrez v. Ashcroft*, 356 F.3d 1015 (9th Cir. 2004)—under which Larin-Dominguez's cocaine possession conviction would no longer qualify as an aggravated felony for immigration purposes—had been withdrawn at the time of Larin-Dominguez's hearing, the procedural history of that case strongly suggested that our withdrawal concerned jurisdictional issues, not the underlying merits. Under such circumstances, Larin-Dominguez's attorney likely

3

would have sought a continuance pending resolution of this highly relevant case, or at the very least, advised him not to waive appeal. Had Larin-Dominguez obtained a continuance, he could have applied for cancellation of removal with the benefit of our final decision in *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004), which was reissued in substantially the same form just weeks after his removal hearing. Consequently, Larin-Dominguez would have been eligible for cancellation of removal under 8 U.S.C. § 1229b(a).

It is also plausible that the IJ would have exercised discretion in favor of awarding Larin-Dominguez cancellation of removal, given that he had lived in the United States for forty years, had been a lawful permanent resident since he was five years old, and has U.S. citizen parents and children.

2. The BIA also abused its discretion in denying Larin-Dominguez's motion to reopen on due process grounds. When Larin-Dominguez's counsel failed to appear, the IJ offered him a continuance in order to secure his attorney's presence at the hearing. However, the IJ did not inform Larin-Dominguez that he had a right to an attorney other than the one that he had already retained (and who had failed to appear). He also failed to advise Larin-Dominguez as to the possibility of obtaining free legal services or provide him with a list of such services. This constituted a violation of Larin-Dominguez's due process right to counsel. *See*

4

*Hernandez-Gil v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007) ("When an immigrant has engaged counsel and the IJ is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored."); 8 C.F.R. § 1240.10(a)(2)–(3) (directing that the IJ "shall . . . (1) [a]dvise the respondent of his or her right to representation . . . by counsel of his or her own choice . . . [,] (2) [a]dvise the respondent of the availability of free legal services . . . located in the district . . . [, and] (3) [a]scertain that the respondent has received a list of such programs . . ."). Larin-Dominguez need not show prejudice to prevail on his due process claim. *Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012). Even if he did, we would find that he was prejudiced for the reasons discussed *supra*.

3. The IJ failed to inform Larin-Dominguez of his right to counsel and then advised him that he was ineligible for cancellation of removal, notwithstanding that our initial decision in *Cazarez-Gutierrez* strongly suggested otherwise. Under these circumstances, Larin-Dominguez's waiver of appeal was not considered and intelligent. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) ("Without . . . information [as to the availability of relief from deportation, the alien], who was not represented by counsel, could not make a considered and

intelligent decision about whether to apply for [relief], and could not make a considered and intelligent decision about whether to appeal the IJ's . . . order.").

**PETITION GRANTED.**