**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTEMIO VASQUEZ PERALTA,
CIRIA VIVAR REYES,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-71171

Agency Nos.     A077-233-916
                    A099-367-431

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2014[**]

Before:     GOULD, BERZON, and BYBEE, Circuit Judges.

Artemio Vasquez Peralta and Ciria Vivar Reyes, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their request for a continuance and denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, and review de novo questions of law. *Cui v. Mukasey,* 538 F.3d 1289, 1290 (9th Cir. 2008). With respect to Vasquez Peralta's claims, we deny the petition. With respect to Vivar Reyes' claims, we grant the petition and remand her claim for cancellation.

The agency did not abuse its discretion or violate Vasquez Peralta's statutory right to counsel in denying his request for a continuance, where he had conceded that he was not eligible for any form of relief. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (denial of a motion to continue was not an abuse of discretion where relief was not immediately available to petitioner). It follows that Vasquez Peralta's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The agency did, however, abuse its discretion in denying Vivar Reyes' request for a continuance to allow her to obtain new counsel. The IJ scheduled two hearings for the purpose of allowing Vivar Reyes' United States citizen children to testify in support of her cancellation claim. Vivar Reyes' former attorney failed to appear at either hearing. He also failed to submit affidavits for the children by the

date specified, even though the IJ had stated that such submission was a prerequisite to hearing the children's testimony.

At the time the IJ refused to continue to an October 28th hearing, however, he knew that Vivar Reyes's counsel Royles was not performing his legal duties on the day he was supposed to submit the children's affidavits. The IJ failed to identify the correct legal rule, which holds that a petitioner is entitled to a continuance to obtain counsel where the denial of the right to counsel potentially affects the outcome of the proceedings. *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 807 (9th Cir. 2007).

The IJ therefore improperly denied an additional continuance to allow Vivar Reyes to obtain new counsel and offer additional testimony, as had originally been contemplated. *CF. Baires v. I.N.S.*, 856 F.2d 89, 92 (9th Cir. 1988) (denial of alien's request for a continuance and change of venue constituted an abuse of discretion and denied alien his statutory right to present evidence on his behalf). Accordingly, we remand to the BIA with the instruction to remand for further proceedings before the IJ in accordance with this disposition.

In light of our remand, we need not reach Vivar Reyes' remaining contentions.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and remanded.**