MEMORANDUM **
Rudy Faustino Gomez Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (BIA) denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture relief.[3] We grant the petition.
Gomez asserts that his right to due process under the Fifth Amendment to the United States Constitution was violated because he was denied his statutory right to representation by counsel. See 8 U.S.C. § 1362. We agree. That right is of the utmost importance,[4] but a mere two weeks before his scheduled asylum hearing, the Immigration Judge (IJ) relieved his attorney and Gomez was sent notice of that. He was also notified that he was required to appear and proceed on the appointed date with or without counsel, and that no continuance would be granted. He did appear without counsel, and with little further ado the hearing proceeded. The IJ did not ask if he wished to waive counsel, and, of course, did not receive a knowing and voluntary waiver. See Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir.2004). That was unsatisfactory. Gomez’s right to counsel was violated by the concatenation of the IJ’s release of prior counsel, the shortness of the time Gomez was given to obtain new counsel, who had to be ready to proceed, the notice that he could not obtain any continuances, and the IJ’s failure to inquire into his desire for representation before proceeding. See Montes-Lopez v. Holder, 694 F.3d 1085, 1088-89 (9th Cir.2012); Biwot v. Gonzales, 403 F.3d 1094, 1098-99 (9th Cir.2005); Tawadrus, 364 F.3d at 1103-04; Rios-Berrios v. I.N.S., 776 F.2d 859, 862-63 (9th Cir.1985). Moreover, “an alien who shows that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney.” Montes-Lopez, 694 F.3d at 1093-94.[5]
Petition GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. 8 U.S.C. § 1158.

. 8 U.S.C. § 1231(b)(3).

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

. See Baltazar-Alcazar v. INS, 386 F.3d 940, 944-45 (9th Cir.2004); Castro-O’Ryan v. U.S. Dep’t of Immigration & Naturalization, 847 F.2d 1307, 1312 (9th Cir.1988).

. Because our decision on this ground is dis-positive, we need not, and do not, consider the other issues raised by the parties.