NAVARRO, Chief District Judge, dissenting: : I would grant the Petition for Review and vacate the Final Administrative Removal Order (“FARO”) issued on June 12, 2014. I would first make the distinct finding— as opposed to the majority’s assumption— that Gomez-Velazco’s right to counsel was violated. “Although there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized it among the rights stemming from the Fifth Amendment guarantee of due process that adhere to individuals that are the subject of removal proceedings.” Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir. 2004) (citing Rios-Berrios v. I.N.S., 776 F.2d 859, 862 (9th Cir. 1985)). While “[t]he right to counsel in immigration proceedings is rooted in the Due Process Clause,” Biwot v. Gonzales, 403 F.3d 1094, 1098 (9th Cir. 2005), the right to counsel in expedited removal proceedings is also secured by statute. 8 U.S.C. § 1228(b)(4)(B) (“[T]he alien shall have the privilege of being represented (at no expense'to the government) by such counsel, authorized to practice in such proceedings, as the alien shall choose.”); 8 C.F.R. § 238.1(b)(2)© (“[The Notice of Intent] shall advise that the alien: has the privilege of being represented, at no expense to the government, by counsel of the alien’s choosing, as long as counsel is authorized to practice in removal proceedings”); see also 8 C.F.R. § 238.1(b)(2)(iv) (requiring ICE to provide aliens facing expedited removal “with a list of available free legal services programs”). Moreover, expedited' removal proceedings under § 1228 require “conformity with section 1229a” and the “privilege of being represented” is further codified in that section as well. See 8 U.S.C. § 1229a(b)(4)(A). This right to be represented at no cost to the government is also listed on the “Notice of Intent to Issue a FARO” under “Your Rights and Responsibilities.” IP the right to counsel under § 1228 is' only for the noncitizen to be advised of the right to have counsel; with no practical effect, then it would be no right to counsel at all. See Rios-Berrios, 776 F.2d at 863 (explaining that the right to counsel must be respected in substance as well as in name). Indeed, this Circuit has consistently emphasized the critical role of counsel in deportation proceedings. See, e.g., Reyes-Palacios v. I.N.S., 836 F.2d 1154, 1155 (9th Cir. 1988) (“The importance of counsel ... can neither - be overemphasized nor ignored.”); United States v. Cerda-Pena, 799 F.2d 1374, 1377 n.3 (9th Cir. 1986) (referring to “an outright refusal to allow an alien the opportunity to obtain representation” as “an egregious violation of due process”). We have characterized the alien’s right to counsel of choice as “fundamental” and have warned the agency not to treat it casually. Rios-Berrios, 776 F.2d at 863-64. Here, the record clearly demonstrates that Gomez-Velazco asserted that he had counsel and wanted his counsel present. First, in Form 1-213, ICE Officer Stewart explains that during the FARO proceedings, Gomez-Velazco “was unwilling to provide a sworn statement without an attorney present.” Second, on the “Record of Sworn Statement” dated June 12,2014, the first question states, “Are you willing to answer my questions?” to which Gomez-Velazco answered: “I prefer not to until I talk to my attorney.” DHS nevertheless proceeded with the expedited removal proceedings without first affording Gomez-Velazco the opportunity to notify and speak with his counsel as he requested. In doing so, DHS directly disregarded Gomez-Velazco’s ability to exercise this fundamental right. Having found that Gomez-Velazco’s right to counsel was violated, I would then find that under Montes-Lopez v. Holder, 694 F.3d 1085 (9th Cir. 2012), no prejudice is required to vacate the FARO. The Montes-Lopez court held “an alien who shows that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney.” 694 F.3d at 1093-94. In support, the court stated that “the absence of counsel can change an alien’s strategic decisions, prevent him or her from making potentially-meritorious legal arguments, and limit the evidence the alien is able to include in the record.” Id. at 1092. The majority here distinguishes Montes-Lopez by a distinction without a difference. First, the majority regards Montes-Lopez as “an exception to the general rule requiring a showing of prejudice;” however, prior to Montes-Lopez, there was no general rule that required a showing of prejudice—a fact that Montes-Lopez, Hernandez-Gil, and Biwot, the cases the majority relies so heavily on, all specifically identify. Id. at 1090 (“We have never decided, however, whether prejudice is an element of a claim that counsel has been denied in an immigration proceeding.”); Hernandez-Gil v. Gonzales, 476 F.3d 803, 808 (9th Cir. 2007) (“Because we determine that Hernandez-Gil has shown that he was prejudiced by the denial of his statutory right to counsel ‘we again leave unanswered the question whether a petitioner must show prejudice when he has been denied the right to counsel in removal proceedings.’ ”) (citing Biwot, 403 F.3d at 1100). Second, the right to counsel is substantively the same under both the § 1228 expedited removal proceeding before a DHS deciding officer, as used here, and the § 1229 proceeding before the immigration judge, as in Montes-Lopez.[1] Compare § 1228(b)(4)(B) with § 1229(b)(1); see also United States v. Peralta-Sanchez, 847 F.3d 1124, 1130 (9th Cir. 2017) (emphasizing the similarity of §§ 1228 and 1229 in the right to counsel context). Montes-Lo-pez’s holding refers to “an immigration proceeding” without differentiating between a proceeding before an immigration judge and a DHS deciding officer. Montes-Lopez, 694 F.3d at 1093-94. Notably, the Montes-Lopez court purposefully distinguished pure immigration proceedings from collateral attacks on a removal order in a § 1326 illegal reentry criminal case, the latter of which requires prejudice specifically because of “the limitations. on criminal defendants’ right to collaterally attack the result of a prior proceeding,” Montes-Lopez, 694 F.3d at 1093; see also Villa-Anguiano v. Holder, 727 F.3d 873, 876 n.1 (9th Cir. 2013) (contrasting the § -1326 illegal reentry collateral attack standard under Reyes-Bonilla with the immigration proceedings petition for review standard under Montes-Lopez). The Montes-Lopez court compared the collateral attack versus petition for- review ini the immigration context to the difference between a criminal collateral- attack and a direct appeal: “A criminal defendant who alleges ineffective assistance of counsel must generally show prejudice, Smith v. Mahoney, 611 F.3d 978, 1001 (9th Cir. 2010), but a defendant who has been denied counsel need not. Campbell v. Rice, 408 F.3d 1166, 1176 (9th Cir. 2006).” 694 F.|3d at 1092. (Deprivation of counsel is per se prejudicial, See Cerda-Pena, 799 F.2d at 1377 n.3 (“[A]n outright refusal to allow an alien the opportunity, to obtain representation may be such an egregious violation-of due process so as not to require any further showing of prejudice”); Garcia-Guzman v. Reno, 65 F.Supp.2d 1077, 1087 (N.D. Cal. 1999) (explaining that “Cerdar-Pena therefore suggests that if the violation of the ri^ht to counsel is sufficiently egregious— i.é., a clear denial of representation or outright refusal to permit an alien to obtain representation—prejudice needn’t be shown.”). The majority attempts to downplay the inherent prejudice of this situation by comparing it to discrete stages of a criminal proceeding, such as a preliminary hearing, a[1] court-ordered psychiatric examination, post-indictment interactions with undercover police officers, and pre-trial line-ups. However, none of these situations are comparable to the instant case. Here, Gomez-Velazco was in custody by DHS when he asked for an attorney—a situation that, in a non-immigration case, would normally mandate an attorney as soon as a defendant requests one. Furthermore, in drawing comparisons to these Sixth Amendment situations, the majority attempts to illustrate how the standard in those cases are only “subject- to harmless error review rather than an automatic reversal rule,” and the majority concludes that because this is a similar discrete stage, prejudice is required rather than presumed. However, in arguing this, the majority once again completely disregards Montes-Lopez. There, the court held that “[w]hen this court concludes that an agency has not' correctly applied controlling law, it must typically -remand, even if we think the error was likely harmless.” Montes-Lopez, 694 F.3d at 1092 (citing INS v. Orlando Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002)). Importantly, Montes-Lopez adopts the reasoning of the Second Circuit, which “declined to add a prejudice requirement to this rule because [the court] reasoned that automatic reversal upon violation of such a regulation would encourage agency compliance with its own rules and serve the interests of judicial economy.” Id. at 1091 (citing Montilla v. INS, 926 F.2d 162, 169 (2d Cir. 1991)). We must recognize that in mandating automatic reversal, not only will we continue to protéct this right to counsel, but also we will better hold these agencies accountable in their actions and conduct by enforcing their own regulations- more strictly upon them. In holding that this situation is akin to a harmless error review, the majority disregards Montes-Lopez’s holding and downplays the right to counsel. The majority attempts to distinguish Montes-Lopez by stating that it is different than the instant case because it is “based in part on the practical difficulties one would face in trying to prove that the outcome of the merits hearing would have been different had counsel been able to assist.” The majority reasons that Montes-Lopez differs because “Goméz-Velazco was not denied the assistance of counsel throughout the entirety of the administrative removal process” but that he “lacked counsel at one discrete stage of the process.” To carve out such a nuanced distinction undermines the fundamental nature of the right to counsel. See, e.g., Hernandez-Gil, 476 F.3d at 806 (“The high stakes of a removal proceeding and the maze of immigration rules and regulations make' evident the necessity of the right to counsel.”); Montes-Lopez, 694 F.3d at 1091 (“No showing of prejudice is required, however, when a rule is ‘intended primarily to confer important procedural benefits upon in-div[i]duals” or “when alleged regulatory violations implicate fundamental statutory or constitutional rights.’ ”) (quoting Leslie v. Attorney Gen., 611 F.3d 171 (3d Cir.2010)). Likewise, to permit an agency to continue to ignore its own regulations undermines the fundamental nature of the right to counsel. Finally, to ignore established precedent in favor of the majority’s new exception undermines the fundamental nature of the right to counsel. Accordingly, I would vacate the FARO because Gomez-Velazco established a right to counsel due process violation and therefore need not show prejudice. Even if prejudice were, required, however, it should be assessed under the “plausibility” standard set forth by United States v. Cisneros-Rodriguez, 813 F.3d 748, 760 (9th Cir. 2015): “[Wjhether the defendant had identified a form of relief it was plausible he would have obtained absent the due process violation.” In Cisneros-Rodriguez, the defendant argued that “had she obtained counsel [during her predicate § 1228 proceeding], it is plausible that she would have applied for and obtained a U-visa.” Id. at 753. ‘ The court agreed that because she demonstrated prima facie U-Visa eligibility, it was plausible that she would have obtained a U-Visa had she applied for one at the time of her original § 1228 proceeding. Id. at 761. This finding was made despite the fact that the defendant later applied for a U-Visa and was rejected. Id, at 762. Here, the record demonstrates that Officer Stewart—the arresting ICE officer who provided the evidence to' Deciding Officer Elizabeth C. Godfrey for the issuance of the FARO—knew that Gomez-Velazco was represented by counsel and that Gomez-Velazco had a pending U-Visa application. When Officer Stewart nevertheless chose to arrest Gomez-Velazco and continue with the § 1228 proceeding without allowing him to consult with his attorney, Gomez-Velazco was prejudiced more than the defendant in Cisneros-Rodriguez because he had a plausible and pending U-Visa application. As such, I cannot agree with the majority that Gomez-Velazco failed to demonstrate sufficient prejudice under Cisneros-Rodriguez. Ultimately, even without a finding of prejudice, the majority’s decision to deny Gomez-Velazco’s petition for review dilutes the fundamental right to counsel and completely, ignores indistinguishable precedent. See Hernandez v. Holder, 545 Fed.Appx. 710, 713 (9th Cir. 2013) (Ikuta, J., concurring) (unpublished opinion) (stating disagreement with Montes-Lopez while still acknowledging that the Ninth Circuit is bound by its decision). Accordingly, I must respectfully dissent. . The Government decides under which process to pursue deportation by issuing either a Notice of Intent to Issue a FARO under § 1228 or Notice to Appear under § 1229.