[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10866
Non-Argument Calendar
_____

Agency No. A071-794-234

PAUL PENNANT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 21, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Pennant, a native and citizen of Jamaica, petitions for review of a final

order of removal.  He makes two claims.  First, he says he was deprived of his

Fifth Amendment due process rights when the Department of Homeland Security (DHS) subjected him to two separate removal proceedings in different places. Second, he says he was deprived of his statutory and constitutional rights to counsel. After careful review, we conclude we lack jurisdiction to decide Pennant's first claim and Pennant's second claim lacks merit. Thus, we dismiss Pennant's petition in part for lack of jurisdiction and deny it in part.

**I.**

Pennant entered the United States in 1989 on a tourist visa. He came to the attention of immigration authorities in 1995 due to a drug conviction and was put in removal proceedings in Philadelphia in 1998. His case was administratively closed in 1999. It was briefly reopened in 2005 for about six months before it was again administratively closed. The proceedings have not been reopened since, so far as this record shows.

In October 2005, after his immigration proceedings were administratively closed, Pennant was convicted in the Eastern District of Pennsylvania of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. Pennant received a 174-month sentence.

In December 2017, the DHS served Pennant with a Notice of Intent to Issue a Final Administrative Removal Order. The notice charged that Pennant was

removable for having committed an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43). The administrative removal proceedings happened in Georgia.

Pennant invoked his right to apply for withholding of removal, a form of mandatory immigration relief for noncitizens who can show it is more likely than not their life or freedom would be threatened in the country to which they would return on account of race, religion, national origin, or membership in a particular social group. 8 U.S.C. § 1231(b)(3); Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). Asylum officers interviewed Pennant and determined he did not meet the withholding standard because he failed to show he feared harm on account of a protected ground or that any harm would be inflicted by or with the acquiescence of the government.

Pennant sought review of that determination before an immigration judge (IJ). Penannt's lawyer did not show up for the hearing. Pennant alerted the IJ he had an attorney. In response, the IJ told Pennant he "can have a lawyer but for these proceedings it is not necessary that your lawyer be present and I don't have to continue the case to allow your lawyer to be present either." After a hearing, the IJ affirmed the asylum officers' determination that Pennant did not qualify for withholding of removal. Pennant timely petitioned for review.

**II.**

3

Pennant raises two constitutional claims in his petition for review. First, he says DHS deprived him of due process by subjecting him to two separate removal proceedings at once, one in Pennsylvania and one in Georgia. Second, he says he was deprived of his statutory and constitutional right to counsel during his removal proceedings.

The Immigration and Nationality Act (INA) strips this Court of jurisdiction to review final orders of removal entered against noncitizens by reason of having committed an aggravated felony. However, we retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D). Even when a constitutional claim or question of law is presented, we lack jurisdiction to review claims not exhausted before the administrative agency. Id. § 1252(d)(1). On the merits, to establish a due process violation, a noncitizen must show he was deprived of liberty without due process and that the error caused him substantial prejudice. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003) (per curiam). Substantial prejudice requires a showing that, in the absence of the alleged violations, the outcome of the proceeding would have been different. Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam).

We lack jurisdiction to review Pennant's claim that subjecting him to two removal proceedings at once deprived him of due process. So far as this record shows, Pennant never raised this issue in his removal proceedings. Even if he had,

4

we cannot see how he would have been prejudiced, since the removal proceeding in Philadelphia had been administratively closed since 2005.  This record does not indicate that Pennant had to defend two removal proceedings in different places simultaneously.

This Court does have jurisdiction to review Pennant's claim that he was deprived of the right to counsel.  This is a legal claim arising from the INA and the Fifth Amendment.  See 8 U.S.C. § 1362; Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005) (per curiam).  Pennant exhausted it when he explained to the IJ that he had a lawyer.  The transcript makes clear the IJ understood Pennant to be invoking his right to counsel.  We will therefore consider the merits of this claim.

It is well established in this Circuit that noncitizens have a Fifth Amendment right to counsel in deportation proceedings.  See Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999).  Congress codified this right to counsel in the INA.  8 U.S.C. § 1362.  Deportation "visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom." Bridges v. Wixon, 326 U.S. 135, 154, 65 S. Ct. 1143, 1452 (1945).  For that reason, "[m]eticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness." Id. at 154, 65 S. Ct. 1452–53.  "The high stakes of a removal proceeding and the maze of

5

immigration rules and regulations make evident the necessity of the right to counsel." Biwot v. Gonzales, 403 F.3d 1094, 1098 (9th Cir. 2005).

The IJ deprived Pennant of his right to counsel. She made no effort at all to determine why Pennant's counsel failed to appear. See Hernandez-Gil v. Gonzales, 476 F.3d 803, 808 (9th Cir. 2007) ("When an immigrant has engaged counsel and the IJ is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure the immigrant's statutory right to counsel is honored."). This left Pennant without any assistance at the hearing that decided his entitlement to an important form of immigration relief for those facing danger to life and limb in their countries of origin. A mistaken ruling in a withholding case has grave consequences. And the IJ gave no reason for denying a continuance other than that she could. Given the stakes, the IJ should have asked Pennant if he knew why his counsel failed to appear or tried to reach Pennant's counsel and find out why he failed to appear, and then determined whether the reason warranted a continuance. Cf. id. (holding denial of a continuance violated a petitioner's statutory right to counsel when an IJ "conduct[ed] the merits hearing without taking reasonable steps to permit counsel to participate"). Respect for Pennant's right to counsel demanded at least that much.

This is not to say that the absence of Pennant's counsel per se required a continuance. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 375 (3d Cir. 2003)

6

(finding no violation of petitioner's right to counsel where an IJ declined a last-minute request for a continuance from counsel who knew about the hearing eight months beforehand).  The IJ correctly explained that she did not have to grant a continuance for Pennant's lawyer to appear.  But without exploring why Pennant's counsel failed to appear, the IJ had no way of knowing whether Pennant could show good cause for a continuance.  This was error.

If this error were made in a criminal proceeding, it would demand reversal. See United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984).  But it is not, and so we must consider whether the deprivation of the right to counsel prejudiced Pennant.  Gonzalez-Oropeza, 321 F.3d at 1333.  We conclude it did not, for two reasons.  The first is that Pennant presented us with no argument that he had been prejudiced.  He offered no explanation what his attorney could have done if present to change the IJ's decision.  Under this Circuit's precedent, he has abandoned any argument that he suffered prejudice.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).  The second is that, after our independent review, we do not see what argument Pennant's counsel could have made at the hearing to change the outcome.  During his interview with asylum officers, Pennant said he had never been threatened or harmed and did not fear being threatened or harmed in Jamaica because of a protected ground.  Neither did he give any indication he belongs to a particular social group in the interview.

See Njoroge v. Holder, 753 F.3d 809, 812–13 (8th Cir. 2014) (finding no prejudice where noncitizen did not point to any evidence showing entitlement to relief). We therefore deny the petition as to Pennant's claim that he was deprived of his right to counsel because he cannot show prejudice.

**DISMISSED IN PART** and **DENIED IN PART**.