**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIRGINIO GARCIA-HERNANDEZ, | No.  21-70181 |
| Petitioner, | Agency No. A205-917-507 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2022
Pasadena, California

Before:  TASHIMA, M. SMITH, and WATFORD, Circuit Judges.
Dissent by Judge WATFORD.

Petitioner Virginio Garcia-Hernandez appeals from an immigration judge's

(IJ) order concluding that he was not entitled to relief from his reinstated removal

order.  The IJ's order was issued after a reasonable fear review hearing where Garcia-

Hernandez testified.  *See* 8 C.F.R. § 1208.31.  The IJ agreed with an asylum officer's

(AO) determination that Garcia-Hernandez had failed to demonstrate a reasonable

---

  \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

fear of persecution or torture should he be removed to Mexico. On appeal, Garcia-Hernandez argues that his due process rights were violated because he was not provided with adequate translation services or the right to an attorney at the reasonable fear review hearing.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). *See Ayala v. Sessions*, 855 F.3d 1012, 1016 (9th Cir. 2017). We deny the petition for review.

1. The parties' familiarity with the record is assumed. Garcia-Hernandez claims that he was deprived of his due process right to have competent translation in a language he understood at his hearing. *See Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). However, he has failed to make the necessary showing that he was prejudiced by any translation defects. *See, e.g.*, *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (petitioner must show "that defects in translation prejudiced the outcome of the hearing"). The IJ rescheduled Garcia-Hernandez's hearing date so that an interpreter for his native language, Mixteco, could be found. He also called a Spanish translator to serve as a backup when the Mixteco interpreter indicated she was having some problems understanding Garcia-Hernandez's specific dialect. While the language services provided to Garcia-Hernandez were not perfect, the record shows that the IJ and interpreters were responsive to translation issues as they arose and made diligent efforts to resolve them. *See Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994). Ultimately, there was only a single word that the interpreters

2

were unable to translate, and despite this problem, Garcia-Hernandez was still able to communicate with the help of the Spanish interpreter that he had been forced to fight in a land dispute. All in all, Garcia-Hernandez was "given a fair opportunity to relate [his] version of events," and the record does not show that translation problems "influenced the outcome of the proceedings." *Id.*

2. We also deny Garcia-Hernandez's right-to-counsel claim because we conclude that he failed to avail himself of the opportunity he was given to retain counsel. As a preliminary matter, we reject the argument presented in the government's answering brief that Garcia-Hernandez had no right to counsel whatsoever because, after the briefing in this case closed, our court held unequivocally that "non-citizens whose removal orders have been reinstated are statutorily entitled to counsel under [8 U.S.C.] § 1362 . . . at their reasonable fear hearings before an IJ." *Orozco-Lopez v. Garland*, 11 F.4th 764, 777 (9th Cir. 2021). Nonetheless, Garcia-Hernandez is not entitled to relief because his right to counsel was "cabined" by the requirement in 8 C.F.R. § 208.31(g)(1) that reasonable fear hearings must be conducted within 10 days. *Id.* at 780. The "statutory entitlement to counsel" in the reasonable fear context "does not mean that a non-citizen must have counsel before an IJ can proceed, but only that a non-citizen must at least be informed of the entitlement to counsel and have an opportunity to seek counsel within § 208.31(g)(1)'s constraints." *Id.* at 778-79 (noting the expedited nature of

3

reasonable fear review proceedings, which are not intended to be full evidentiary hearings). Like the IJ, we conclude that Garcia-Hernandez "had the opportunity to retain counsel" for his hearing, but "failed to do so," meaning that it was permissible for the IJ to go forward with the hearing in light of § 208.31(g)(1)'s requirements. *Id.*

Garcia-Hernandez's only excuse for not having an attorney at his hearing was that he did not know he would have a court hearing and thus did not pass the information along to his attorney. However, Garcia-Hernandez's original hearing before the IJ was continued in part so that Garcia-Hernandez could retain counsel. Along with providing the new date and time of the hearing, the IJ informed Garcia-Hernandez of his right to counsel and told him he could use the time before his rescheduled hearing to find a lawyer. Garcia-Hernandez indicated on the record that he understood what the IJ had said to him. Garcia-Hernandez also received written notices for both his original and rescheduled hearings indicating that he had the option of being represented by counsel, and the contents of at least one of these notices "were read and explained to [Garcia-Hernandez] in the Spanish language." Garcia-Hernandez never argues in his briefing that he could not understand any of these forms of notice. Given the ample opportunities he had already provided to Garcia-Hernandez to communicate the hearing details to his attorney, the IJ was under no obligation to continue the hearing a second time. *See* 8 CFR § 1208.31(g)

4

(only "exceptional circumstances" justify continuing hearing beyond 10 days of referral by AO).

Despite the IJ's efforts to allow Garcia-Hernandez to retain counsel for his hearing, our dissenting colleague argues that the IJ behaved unreasonably by not attempting to call Garcia-Hernandez's lawyer at the hearing. However, even after the IJ granted a continuance of over ten days, Garcia-Hernandez's attorney never filed a required Form EOIR-28 notifying the IJ of her appearance in the case and certifying that she met the requirements to make such an appearance. *See* 8 CFR § 1003.17(a); *Morales Apolinar v. Mukasey*, 514 F.3d 893, 896 n.3 (9th Cir. 2008) ("Under 8 C.F.R. § 1003.17(a), an attorney must execute, file, and serve a Notice of Entry of Appearance on Form EOIR-28 before representing a client in any proceeding before an IJ."); Executive Office of Immigration Review, Form EOIR-28 (revised Feb. 2022).[1] As a result, and given Garcia-Hernandez's past lack of diligence, the IJ had no way of knowing when Garcia-Hernandez might have counsel properly representing him in the case. Consequently, "the IJ reasonably proceeded with the review hearing." *Orozco-Lopez*, 11 F.4th at 779 (holding right to counsel was not violated where "[t]he asylum officer had given [the petitioner] a list of legal service providers," and, "[d]uring the eight days thereafter, [the petitioner] had not retained counsel and, at the hearing, did not suggest when, if ever, he might be able

---

[1] https://www.justice.gov/eoir/file/639746/

to do so").[2]

**PETITION FOR REVIEW DENIED**

---

[2] Along these lines, we disagree with the dissent that this case is similar to *Myrtil v. Garland*, 857 F. App'x 922, 923 (9th Cir. 2021), which is not binding on us in any event. *See* 9th Cir. Rule 36-3. Unlike in this case, the petitioner in *Myrtil* indicated that his attorney was supposed to be present at the hearing, but failed to show up for unknown reasons. *See id.* at 923 ("There's [an attorney] I spoke to. He said he was going to help me, *that he was going to be here today*. I don't know." (Emphasis added.)). There was no such indication here.

*Garcia-Hernandez v. Garland*, No. 21-70181

WATFORD, Circuit Judge, dissenting:

I agree with the majority that Virginio Garcia-Hernandez was not denied the right to competent translation services, but in my view he was denied the right to counsel, which necessitates remand for a new hearing under our recent decision in *Orozco-Lopez v. Garland*, 11 F.4th 764 (9th Cir. 2021).

In *Orozco-Lopez*, we held that non-citizens in reasonable fear review hearings have a statutory right to counsel at no expense to the government. *Id.* at 777. That right is cabined by the 10-day timeframe in which such proceedings must ordinarily be completed. Thus, a non-citizen who has received adequate notice of his right to be represented by counsel is not entitled as of right to a continuance beyond the 10-day time limit merely because he needs more time to retain counsel or because counsel would like more time to prepare. *Id.* at 778.

In this case, Garcia-Hernandez did not request a continuance to obtain more time to retain counsel. He had already retained a lawyer, and he advised the immigration judge (IJ) of that fact at the outset of the hearing. He also stated that he wanted his attorney to be present and was afraid to move forward without her being there.

In that scenario, our cases make clear that an IJ may not simply proceed with the hearing, as the IJ did here. "When an immigrant has engaged counsel and the

IJ is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored." *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007). In the situation involved here, taking "reasonable steps" meant at least attempting to contact Garcia-Hernandez's lawyer to determine whether she could appear for the hearing later that day, which would not have entailed any further delay beyond the 10-day time limit. *See id.* at 807. Garcia-Hernandez gave the IJ his attorney's name, and counsel's telephone number was in the record. Yet the IJ took no steps whatsoever to ensure that Garcia-Hernandez's statutory right to counsel was honored.

The same panel that decided *Orozco-Lopez* held, in a companion case involving facts materially indistinguishable from those present here, that a non-citizen's right to counsel was violated when "the IJ just proceeded with the hearing" instead of taking reasonable steps to contact counsel. *Myrtil v. Garland*, 857 Fed. App'x 922, 923–24 (9th Cir. 2021). Because prejudice need not be shown in this context, the panel granted the petition for review and remanded for further proceedings. *Id.* at 924 (citing *Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012)). I would follow the same course in this case.